[Civ. No. 20341. Second Dist., Div. One. Nov. 16, 1954.]

WILLIAM J. DYGERT, Appellant, v. J. R. RAY et al., Respondents.

Laurence Phillips and John L. Larue for Appellant.

F. Murray Keslar for Respondents.

DORAN, J.—The within action is on a promissory note for $3,250.

The defense admitted delivery of the note and ownership by plaintiff. It was also alleged that the note was "supposed to be cancelled and returned to defendants" because plaintiff had obtained a judgment against one Keyser in connection with the transaction for which the money was originally lent by defendants to plaintiff.

When the case was called for trial, defendant Ida G. Ray was permitted to file an amendment to the answer over plaintiff's objection.

The court found that Ida G. Ray received no consideration for the note and that plaintiff had agreed to cancel the note and relieve defendants from all indebtedness thereon. Judgment went for defendants.

The questions involved on this appeal are:

(1) Did the court abuse its discretion in allowing defendant Ida G. Ray to file an amendment to the answer when the case was called for trial?

(2) Was there substantial evidence to support the finding that defendant Ida G. Ray received no consideration for the note?

(3) Was there substantial evidence to support the finding that plaintiff had agreed with defendant J. R. Ray to cancel the note and all indebtedness accruing therefrom?

There was no abuse of discretion in permitting the filing of the amendment to the answer and it does not appear that any prejudice resulted from the court's order.

The controversy results from a transaction between appellant and one Keyser relating to the purchase of a lumber mill in Sierra County, California. Respondents, as associates of appellant, were interested in the transaction.

The other contentions above noted relate to the sufficiency of the evidence. Of course it is well settled that if there is substantial evidence to support the decision of the trial judge, the judgment, so far as that issue is concerned, must be upheld. The case cannot be retried on appeal. A review of the record reveals that the evidence is sufficient and therefore the judgment must be affirmed. It is so ordered.

White, P. J., and Drapeau, J., concurred.